54     RICHARDS *et ux. v.* GREENE.     [Sept. T.

Opinion of the Court.

## HENRY G. RICHARDS *et ux.*

### *v.*

## ISAAC R. GREENE.

1. HOMESTEAD—*right is in husband, as owner.* On bill by the purchaser of land under a deed of trust executed by a husband, who was the owner, in which his wife failed to unite, to have the homestead set off, it is error to set off the same to the wife.

2. SAME—*husband and wife must both release, to be effectual.* The statute having made it a condition to the alienation of a homestead that the wife of the owner shall unite with him in the release, a release of the same by the husband alone of the right is without effect, even as against himself, so far as concerns the homestead right.

3. CHANCERY—*relief inconsistent with frame of bill.* On bill by a purchaser under a deed of trust which failed to release the homestead, to have the same set off, which shows the existence of prior mortgages, it is erroneous to decree that the complainant is the owner in fee of the premises, subject to the homestead exemption.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

Mr. E. H. LEACH, and Mr. G. C. LANPHERE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, brought by Isaac R. Greene, the appellee, a purchaser of certain premises at a sale thereof under a trust deed, against Henry G. Richards and Mary Richards, his wife, appellants, to have set off to them, or one of them, a homestead of the value of $1000, in the premises.

The court below found the homestead right to be in Mary Richards, and set off the homestead to her. This was error.

Henry G. Richards was the owner of the land, and he alone executed the deed of trust containing a release of the homestead right, without his wife, Mary Richards, joining therein, or in any way herself releasing the homestead right. Where a householder, possessing a homestead right, has a wife, our statute,

in express terms, makes it a condition to the alienation of the homestead that the wife shall sign and acknowledge a release, in writing, of the homestead exemption.

Without compliance with such condition, there will, in such case, be no alienation of the homestead. Although the husband himself here executed a release of the homestead right, it was without effect, even as against himself, so far as concerns the homestead right. The statutory condition by which alone it could be affected was wanting. The husband, Henry G. Richards, was the householder, having a family, who owned the land at the time of making the trust deed, and to whom the homestead right belonged, and the homestead should have been set off to him instead of to his wife.

It was also improper, under the bill in this case, to decree that the petitioner was the owner in fee simple of the premises, subject to the homestead exemption.

The bill sets out that the trust deed was made expressly subject to two prior mortgages, and alleges that they were both unpaid at the time of the filing of the bill. It is true, there is a stipulation in the record that the complainant in the bill had become the owner of the notes secured by the mortgages, but yet there was no allegation in the bill upon which to base a decree that the complainant owned the premises in fee, subject to the homestead right. The averment in the bill was just the contrary.

The decree will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*