## SARAH BROOKS

v.

## ZENAS N. HOTCHKISS.

HOMESTEAD—DEFINITION—HOW DIVESTED.—The homestead right of the wife cannot be divested except by her consent, or in the manner pointed out in the statute. It is the right to live upon, occupy and enjoy the premises as a home, and is paramount to any right or interest that the husband can transfer to a purchaser. So, where a purchaser of premises received a deed from the husband, but without the release of homestead by the wife, filed a bill in chancery, asking for an assignment of the homestead in such premises, and the court appointed commissioners, who reported that the premises were not susceptible of division, whereupon the court decreed that on the complainant depositing $1,000 in court for the benefit of the wife, she should convey to him her homestead right, *held*, that the wife could not, in this manner, be divested of her homestead right.

ERROR to the Circuit Court of Peoria county ; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed July 16, 1879.

Messrs. CRATTY BROS. & ULRICH and Mr. CHARLES BLANCHARD, for plantiff in error: that the defendant in error acquired no interest in the premises which he can enforce against the plaintiff in error, cited Vanzant v. Vanzant, 23 Ill. 536: Moore v. Dunning, 29 Ill. 130; Thornton v. Boyden, 31 Ill. 200; Marshall v. Barr, 35 Ill. 106; Redfern v. Redfern, 38 Ill. 509; McDonald v. Crandall, 43 Ill. 321; Hutchings v. Huggins, 59 Ill. 29; Black v. Lusk, 69 Ill. 70; Allen v. Hawley, 66 Ill. 164; Cook v. McChristian, 4 Cal. 23; Poole v. Gerrard, 6 Cal. 71; Williams v. Starr, 5 Wis. 534; Allen v. Bay, 9 Ia. 509; Dorsey v. McFarland, 7 Cal. 342; Kreamer v. Revalk, 8 Cal. 74.

The court erred in decreeing the title in fee simple to defendant in error: Richards v. Greene, 73 Ill. 54; Oldham v. Pfleger, 84 Ill. 102; Carroll v. Ballance, 26 Ill. 9; Delahay v. Clemont, 3 Scam. 201; Vansant v. Allmon, 23 Ill. 30; Hall v. Lance, 25 Ill. 277.

In some States, partition is held to be the proper remedy in such cases: Litchford v. Carey, 52 Miss. 791; Silleway v. Brown, 12 Allen 30; Sevan v. Stevens, 99 Mass. 10; Fogg v. Fogg, 40 N. H. 282.

Mr. S. D. PUTERBAUGH, for defendant in error; that a sworn answer is evidence only so far as it is responsive to the allegations in the bill, cited O'Brian v. Fry, 82 Ill. 274; Walton v. Walton, 70 Ill. 142; Roberts v. Stigleman, 78 Ill. 120.

Partition may be made by proceedings in Chancery: Labodie v. Hewitt, 85 Ill. 341.

In a conveyance without the release of homestead, where the value exceeds the exemption, the grantee can enforce his rights against the surplus by partition or otherwise: McDonald v. Crandall, 43 Ill. 231; Mix v. King, 55 Ill. 434.

PILLSBURY, P. J. Bill in equity filed by defendant in error against plaintiff in error, praying for an assignment of homestead to him, in a lot in the city of Peoria, which had been conveyed to him by Joseph W. Brooks, the husband of the plaintiff in error, she not joining in said deed.

The lot was the homestead of Brooks and his wife at the time of conveyance. Soon after the conveyance the husband deserted his wife, who continued to reside upon the premises, claiming the same as her homestead, and refused to give the purchaser possession, although he offered to pay her $1,000.

The court appointed commissioners, who reported that the premises were not susceptible of division, and the court decreed that she surrender possession of the premises to the purchaser from her husband, upon his depositing $1,000 with the clerk of the court for her use, and she brings the case here on error.

By the first section of the statute: Rev. Stat. 1874, Ch. 52, Sec. 1, an estate of homestead is given to the householder to the extent in value of $1,000, which estate is not subject to the laws of conveyance, descent or devise. And such estate of homestead continues for the benefit of the wife, if the husband shall desert her, and she continues in the occupancy thereof. Ibid, Sec. 2.

And no release, waiver or conveyance of the same is valid unless both husband and wife join therein. Sec. 4.

No release or waiver of the homestead by the husband is binding upon the wife, unless she join in such release or waiver. Rev. Stat. 1874, page 278, Sec. 27.

A release of the homestead by the husband alone, is of no avail, even as against himself. Richards v. Green, 73 Ill. 54.

The statute has rendered it impossible for the husband to deprive his wife of the homestead right, which is created as much, if not more, for her benefit than for his, except by her consent, expressed in conformity with the statute. This homestead right is the right to live upon, occupy and enjoy the premises as a home, and is paramount to any title or interest the husband can transfer to a purchaser; and even if it be admitted that the deed of the husband may convey the fee in the premises, yet such fee is subject to the occupancy of the householder, or in case he abandons his family, then the occupancy thereof by them so long as they desire to remain, or until the husband shall in good faith provide them another home suitable to their condition in life ; and he cannot remove her or his family from the homestead without her consent, until such other home shall be provided. Sec. 16, Ch. 68, Rev. Stat. 1874.

To permit this decree to stand, would allow the husband to do indirectly by the aid of the court that which he is prohibited by the statute from doing directly which cannot be tolerated.

If such doctrine is to prevail, then the husband can in all cases deprive his wife and family of a homestead by selling it for $1,000 less than its value, and have the purchaser through the aid of a court of equity oust the wife by his payment to her of the $1,000, above the consideration named in the deed; and if a court of equity will interfere in such case, no reason is perceived why it would not compel the husband himself, if remaining upon the premises, in like manner to accept the $1,000, and surrender possession to the purchaser; for if he still remains in possession he is the one entitled to the homestead. Richards v. Green, *supra*.

Such a doctrine would fritter away the beneficent provisions of the statute, and destroy all the safeguards thrown around the home of the wife and minor children, by the law creating the estate.

It is presumed defendant in error claims the right to advance to plaintiff in error the $1,000, by virtue of sections 8 and 9 of the statute relating to homestead; but it will be observed these

sections provide for the sale of the homestead where the premises cannot be divided, in cases only when it becomes necessary in the enforcement of a lien in a court of equity.

This is not a case of that kind. The defendant in error has no lien; his is a simple title, subject to the estate of homestead in the wife, as she did not join in the deed.

Neither is the defendant in error aided in this case under the statute of partition, Chap. 106, for under this statute the court cannot order a sale of the homestead and the payment of $1,000 to the party entitled to the estate of homestead, except upon the consent of such party expressed in writing, and filed in the court where the proceedings for partition are pending.

We perceive no way in which plaintiff in error can be divested of her homestead in this proceeding.

The decree of the court below will be reversed and the bill dismissed.

Decree Reversed.