---

CHARLES EHROK v. IDA A. EHROK, Appellant.

**Homesteads: SELECTION.** Where a wife living apart from her husband selects a homestead in lands owned by her, her selection will not, in the absence of evidence of bad faith on her part in making it, be set aside, and the selection of the husband adopted, though the wife's selection is from the roughest and most unproductive portion of the tract and cut off from convenient access to a highway.

DESERTING WIFE: *Occupancy by husband.* A wife who chooses to
3  live apart from her husband is not entitled to any benefit from
the homestead property set off in land owned by her, but the hus-
band has full right during his occupancy to cultivate it.

*Appeal from Plymouth District Court.*—HON. J. F. OLIVER,
Judge.

THURSDAY, OCTOBER 27, 1898.

ACTION in equity, wherein the plaintiff and defendant,
husband and wife, living apart from each other, each ask that
the selection of a homestead made by them severally in a cer-
tain eighty-acre tract of land owned by the defendant be con-
firmed. Plaintiff prays that he may be allowed the full use of
the homestead, and that the defendant be restrained from
taking possession of the house, and from removing the prop-
erty therefrom, and that the selection of a homestead made by
the defendant be set aside. Defendant prays in her cross
petition that she be granted the exclusive right to cultivate
the homestead selected by her, and that plaintiff's selection
of a homestead be set aside. Decree was rendered confirm-
ing the selection of a homestead as made by plaintiff, and
enjoining the defendant from interfering with or preventing
the plaintiff from enjoying said homestead as prayed by him
"during the time she shall fail to live on the same ——, but
defendant may equally occupy, use, and enjoy such home-
stead jointly with the plaintiff whenever she may desire to
return and live upon the same as a homestead." It was fur-
ther decreed that, during the time defendant remains absent
from said homestead as selected by the plaintiff, plaintiff shall
have the full right to farm and cultivate the same for home-
stead purposes during the time he may continue to live upon
and occupy the same, and to use the crops raised thereon by
him during the time she does not live upon the same. From
this decree the defendant appeals.—*Reversed.*

*Zink & Rosberry* for appellant.

*I. S. Struble* for appellee.

GIVEN, J.—I.  Plaintiff and defendant were married in Iowa in 1880, and soon thereafter removed to Oregon, where they lived together for a time, after which the defendant returned to Plymouth county, Iowa; the plaintiff remaining in Oregon.  After about eleven years' separation, the defendant returned to Oregon, and there lived with her husband until 1893, when they returned to Plymouth county, and went to live together on a certain eighty-acre tract of land owned by the defendant.  They lived together thereon until October 20, 1896, when the defendant left the plaintiff, and has ever since lived apart from him; he continuing to live upon and cultivate said land.  Defendant brought an action for divorce on the ground of cruel and inhuman treatment, and in November, 1896, after a hearing on the merits, her petition was dismissed.  Soon thereafter the defendant, without the plaintiff's knowledge, caused a survey and plat of a homestead in said land to be made and recorded, which she now asks to have confirmed.  Thereafter plaintiff commenced this action to set aside said selection, and to restrain the defendant, as already stated.  Pending this action the plaintiff caused the west forty of said eighty acres to be surveyed, platted, and recorded as a homestead, and it is this selection which he asks to have confirmed.

II.  Appellant's counsel state the questions to be considered as follows: "(1)  Which of the homesteads selected, platted and recorded (the one by the appellant, or the one by her husband) shall be preferred, and allowed to stand as the homestead of the family?  (2)  Who is entitled to cultivate the homestead, whichever it may be, and to enjoy the crops, the rents and profits therefrom?"  They say: "As to which one of the two selections of homestead shall be allowed to stand depends upon the rights of the respective parties, at the times they made their respective selections, to select, plat, and record a homestead from the eighty-acre tract

owned by the appellant, and occupied by them as a homestead, and not upon the form, the fairness, or the convenience of such selections." Appellee does not question that the right to select the homestead was primarily in the owner, nor that her selection, if fairly made, with due regard to his rights, should control. He insists that her selection was made in bad faith, and with intent to deprive him of his homestead rights; that she selected the poorest, roughest, and most unproductive part of the land; and that her selection is cut off from convenient access to the highway. Appellant's selection is out of the southeast corner of the eighty; the lines being at right angles, and so as to include the buildings, and ready access to a highway. If it be true that the land selected by appellant is not the most productive part of the eighty, yet we know of no law that would compel the appellant to select the most productive part. There are many reasons that might control in making such a selection,—as, for instance, that the most productive part should be reserved for the purpose of renting. If it may be said that appellant was bound to make her selection with regard to the rights of appellee, we think the evidence fails to show that her selection was not so made. The right to select being primarily, if not exclusively, in the appellant, and she having made the selection that she did, we conclude that that selection must control. Having reached this conclusion, we are not required to determine whether the right of selection was exclusively with the appellant, nor whether appellee had any right to select.

III.    The further contention as to which of these parties is entitled to enjoy the homestead is easily answered. They are both entitled to live upon and enjoy it, but, so long as appellant chooses to live elsewhere, she is not entitled to any benefit from the homestead, and appellee is entitled to have the full right to farm and cultivate the same so long as he continues to live upon and occupy it as a homestead. The decree of the district court is reversed, and the case remanded for a decree in conformity with this opinion. REVERSED.