J. F. KNORR and MARTIN SCHAFER v. W. F. LOHR and WILLIAM BOYLE, Sheriff, Appellants.

**Homestead:** SELECTION  Under Code 1873, section 1994 (present Code, section 2977), providing that an owner's homestead must embrace the house used by him as a home, and that, if he has two or more houses thus used, he may select either as his homestead, the selection of a house not so used is unauthorized and void.

ABANDONMENT.  Code 1873, section 1994 (present Code, section 2977), provides that an owner's homestead must embrace the house used by him as a home, and that, if he has two or more houses thus used, he may select either as his homestead.  *Held*, that the selection of a house not so used, being void, is not an abandonment of homestead rights in a house used as a homestead.

**Fraudulent Conveyance.**  A conveyance of land without consideration, to hinder and delay creditors, gives the grantee no title or right of possession, as against creditors.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

SATURDAY, APRIL 8, 1899.

ACTION in equity to set aside a sheriff's sale of lands, and to enjoin the execution and delivery of a sheriff's deed thereunder.  From the decree rendered, the defendants appealed. —*Affirmed*.

*Lohr, Gardiner & Lohr* for appellants.

*Ira T. Martin* for appellees.

GIVEN, J.—I.  Joseph Stinton, now deceased, was the owner in fee of the southwest one-fourth of section 28, and the northwest one-fourth of section 34, township 92, range 47, Plymouth county, Iowa, and had been in the use and possession thereof for many years.  Prior to 1889 he and his family resided on that part in section 34, the buildings occupied being upon the northwest one-fourth of said northwest one-

fourth of section 34. In 1889, he removed with his family to the land in section 28, the buildings on which are upon the southwest one-fourth of that quarter section. On September 15, 1893, Joseph Stinton executed a warranty deed of all of said lands to his wife Sophia, for the recited consideration of nine thousand six-hundred dollars, but in fact without any consideration. This deed was subject to mortgages on the lands aggregating four thousand two hundred and fifty dollars, and it was not filed for record until March 7, 1895. Joseph Stinton was largely indebted at the time he executed this deed, and evidently made it to hinder and delay his creditors,—a fact that Mrs. Stinton must have known, though she seems to have had little understanding of business matters or of this transaction. Mr. Stinton and his family continued thereafter to reside upon the land in section 28, and he to use and control all of the land as before, up to the time of his death, March 2, 1895, after which Mrs. Stinton and her family continued to occupy the home and to use all of the land, up to July 8, 1895. On that date, Mrs. Stinton, for the recited consideration of ten thousand dollars, but in fact for the consideration of two hundred dollars, conveyed all of said land to the plaintiffs, warranting the title except as to incumbrances. The defendant W. F. Lohr had a judgment for one hundred and twenty-two dollars and sixty-five cents against Joseph Stinton, upon which execution was issued, and placed in the hands of the defendant W. M. Boyle, sheriff, for service. On the twenty-sixth day of July, 1894, the sheriff levied this execution upon all of said lands, and advertised the same for sale. Notice of said levy and sale was duly published, and was served on Joseph Stinton on the twenty-seventh day of July, 1894. Notice was also served on him on the fifteenth day of August, 1894, to select his homestead right in said land, and on said day Joseph Stinton signed in writing his selection of the northwest one-fourth of the northwest one-fourth of said section 34. On August 25, 1894, all of said land, except that selected by Mr. Stinton as

a homestead, was sold to the defendant W. F. Lohr, in satis-
faction of his judgment, and a certificate of sale issued to
him.   At the time of these proceedings, neither of the defend-
ants had any knowledge, actual or constructive, of said con-
veyance from Joseph Stinton to his wife.   The district court
decreed the execution sale valid as to the land in section 34
which was sold, and invalid as to all the land in section 28.
The reason for holding the sale void as to the lands in section
28 was that it embraced the homestead of Joseph Stinton, and
that the sheriff had failed to set it off to him.·

    II.   The conveyance from Joseph Stinton to his wife
was without consideration, and to hinder and delay
creditors; and it is therefore void as to the creditors,
and Mrs. Stinton took nothing under it, as to them.   The
plaintiffs took nothing by the conveyance from Mrs.
Stinton, except such rights as she, as widow, had in
the land.   Mrs. Stinton never had possession of the
land by virtue of the deed to her; her possession was the
possession of wife and widow only.   Joseph Stinton being
the owner of the land, was the proper person to be notified
to select the homestead, and had the right, primarily, if not
exclusively, to make the selection.   *Ehrck v. Ehrck*, 106
Iowa, 614.   It will be observed that the family was, and
had been since 1889, residing on the land in section 28, and
that Mr. Stinton's selection was of land in section 34, upon
which the buildings in that section were located.   "The home-
stead must embrace the house used as a home by the owner
thereof, and if he has two or more houses thus used by him
at different times and places, he may select which he will
retain as his homtstead."   Code 1873, section 1994; present
Code, section 2977.   Clearly, the homestead must embrace
the house used as a home, and none other can be selected; but,
if there are two so used either may be retained.   The
house in section 34 had not been used as a home by
Stinton or his family for five years ·preceding the
selection, and there is no evidence of a purpose to ever again

so use it; but, on the contrary, the family continued to live in section 28 long after this selection was made. The selection was not a choice between two houses used as a home, as but one was being so used, and it was not a selection embracing the house used as a home; therefore it was unauthorized and void. It is suggested that by so selecting, Mr. Stinton abandoned the homestead in section 28; but not so; surely not, as to the homestead rights of his wife. There being no valid selection of a homestead, it is as though none were made, and the sheriff should have caused the homestead to be set apart in the lands in section 28, so as to embrace the house then used by the owner as a home. The decree of the district court is correct, and is AFFIRMED.