ELIZABETH L. GRACE v. JOHN GRACE.[1]

November 24, 1905.

Nos. 14,492—(98).

**Husband and Wife—Homestead.**

A husband and wife had for many years occupied as a homestead premises which from their nature were not capable of partition by allotment in kind. As a part of a settlement in divorce proceedings, the husband deeded through a third person an undivided half interest therein to his wife, and the wife continued for some time to live with him on the premises as a homestead. *Held*, the wife cannot, upon leaving him for alleged valid justification, acquire the right to partition the premises still occupied by him as a homestead.

**Same—Sale.**

Neither husband nor wife can dispose by sale or conveyance of a homestead right without the express consent of the other. What neither is able to do directly, neither will be permitted to do indirectly by sale on partition.

Action in the district court for Ramsey county for the partition of land occupied by defendant as a homestead, the plaintiff and defendant being husband and wife, though living apart, and being joint owners of the title. From a judgment in favor of defendant on the pleadings entered pursuant to the order of Kelly, J., plaintiff appealed. Affirmed.

*C. E. & J. C. Otis, S. E. Day* and *S. C. Olmstead,* for appellant.

*Durment & Moore,* for respondent.

JAGGARD, J.

Substantially in the language of appellant, the issues and facts in this case are as follows: The action is one for partition of premises described

[1] Reported in 104 N. W. 969.

in the complaint by a sale thereof, for the reason that they could not from their nature be partitioned by allotment in kind. The parties to the action are, and have been for thirty years past, husband and wife. For many years prior to the fall of 1903, they lived together therein and occupied the same as the homestead of the defendant, in whom title stood. In the fall of that year, the plaintiff commenced an action against the defendant for a legal separation on the ground of cruel and inhuman treatment. Pursuant to an amicable arrangement, the defendant made over to her certain personal property of the value of $2,500, and through a third person caused to be conveyed to her title to an undivided one-half interest in the homestead, and the plaintiff took up her abode with her husband on the premises in October, 1903. She there lived with him as his wife until the following August, but left the defendant and abandoned the premises as her home for the alleged reason that the defendant renewed his improper conduct towards her. In November of the same year plaintiff brought this action. After issue joined both parties moved for judgment on the pleadings. The court directed judgment for the defendant. From that order and other proceedings this appeal was taken.

The contention of the plaintiff is that the wife's undivided half interest was held by her free from any present vested and completed right of her husband; that the husband's right in an undivided part of the premises is not paramount, but is subordinate, to the legal title in the plaintiff, owning the other undivided interest; that the wife, having abandoned the premises for homestead purposes, may compel partition in the same manner as a stranger might; that the husband's homestead right is of necessity subject to the rights of the co-tenant; and that where a tenant in common has homestead rights, and partition in kind between him and a co-tenant is impracticable, a sale of the whole may be had, but the homestead attaches to and protects the proceeds. To that end he cites Swandale v. Swandale, 25 S. C. 389; Jenkins v. Volz, 54 Tex. 636.

It is true that this court has held that "the right initiate and inchoate which a husband or wife has in a statutory homestead owned by his or her spouse is not easily distinguishable from the right held by him or her in real property belonging to the other and not occupied as a homestead. The homestead right or interest is conditional. * * * The interest

of a husband in his wife's homestead, while she is living, seems to be less than the right of the wife in his homestead. She may abandon it at will. If she should remove therefrom, we are not advised of any statute which would give the husband the right to remain thereon or assert any claim to the same as a homestead. He would then be compelled to secure a homestead for himself or go without. The rights of the wife in her husband's statutory homestead are recognized by section 5521, G. S. 1894, by which homestead rights are fixed in this state; but the rights of the husband during the life of his wife in her homestead are not referred to. They seem to be wholly ignored." Hamilton v. Village of Detroit, 85 Minn. 83, 88 N. W. 419. It is also true that in many cases it has been held by this court that "the clearly declared policy of the statute in respect to the relation of husband and wife is that the latter can, in her own name and in any form of action, sue the former to enforce any right affecting her property, the same as if he were a stranger." Gillespie v. Gillespie, 64 Minn. 381, 67 N. W. 206; Frankel v. Frankel, 173 Mass. 214, note; Spencer v. St. Paul & S. C. R. Co., 22 Minn. 29. It may be conceded for the purposes of this case, but for such purposes only, that a wife owning real estate, as tenant in common with her husband, can maintain partition against him. Moore v. Moore, 47 N. Y. 467. But see, contra, Howe v. Blanden, 21 Vt. 315.

The law and the reason of the law, however, deny the ability of a wife by leaving her husband to acquire the right to compel partition of her husband's homestead, in which she has an undivided half interest and which she occupied with him as a homestead. A homestead can be owned and occupied by husband and wife as tenants in common. Lozo v. Sutherland, 38 Mich. 168. There may be a homestead right in an undivided interest in premises. Kaser v. Haas, 27 Minn. 406, 7 N. W. 824; 25 Cent. Dig. § 121, cols. 2245, 2246. In this case, accordingly, defendant had at least a homestead interest in his undivided half of the premises (Riggs v. Sterling, 60 Mich. 643, 650, 27 N. W. 705), although it may well be doubted whether the homestead rights of the husband are limited to that interest. Ehrck v. Ehrck, 106 Iowa, 614, 76 N. W. 793; In re Emerson's Homestead, 58 Minn. 450, 453, 60 N. W. 23. Neither the husband nor the wife can dispose of his or her right of that character without the express consent of the other.

Sections 5521, 5522, 5532, G. S. 1894; chapter 255, p. 390, Laws 1905;. Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817. And see Eaton v. Robbins, 29 Minn. 327, 13 N. W. 143; Sherrid v. Southwick, 43 Mich.. 515, 5 N. W. 1027; 25 Cent. Dig. § 191, col. 2330.

It is not material to the decision of this case whether it be governed by section 5532, in force when the pleadings were drawn, or by chapter 255, p. 390, Laws 1905, in force before the order granting the motion, from which this appeal was taken, was made. Section 5532, G. S. 1894, provides, in part, that

> Any married woman shall be capable of making any contract either by parol or under seal which she might make if unmarried and shall be bound thereby; except that no conveyance or contract for the sale of real estate or of any interest therein by a married woman, other than mortgages on lands to secure the purchase money of such lands and leases for terms not exceeding three years, and instruments releasing dower in lands of a former husband shall be valid, unless her husband shall join with her in such conveyance.

The law of 1905 expressly provides, in part, that every married woman

> May make any contract which she could make if unmarried and shall be bound thereby, except that no conveyance or contract for the sale of her homestead or any interest therein shall be valid unless her husband joins with her therein.

The husband and the history of the use of the premises in this case had determined the homestead of the family. Moss v. Warner, 10 Cal.. 296. Admitting that all the homestead rights there existed were in the husband's undivided half, under neither statute could the wife make a valid sale or conveyance destroying the homestead. The law will not allow her to do indirectly through a suit for partition what she could not do directly by sale or conveyance. Mitchell v. Mitchell, 101 Ala. 183, 13 South. 147 (a case essentially similar to the one at bar); Brooks v. Hotchkiss, 4 Ill. App. 175; Holbrook v. Wightman, 31 Minn. 168,. 17 N. W. 280; Umland v. Holcombe, 26 Minn. 286, 3 N. W. 341; Hafer v. Hafer, 33 Kan. 449, 6 Pac. 537; Trumbly v. Martell, 61 Kan. 703, 60 Pac. 741. On general principles no waiver of homestead right

by the husband or wife can affect the vested interest of the other spouse therein; neither can the abandonment or waiver of such homestead right by the one entitled to enjoy the same injuriously affect the interest of any other entitled thereto. Sherwood, J., in Riggs v. Sterling, supra.

This conclusion is in harmony with the well-understood purpose of the homestead laws. The trial court in its carefully considered memorandum has justly remarked: "The homestead, under our public policy and law, is the one sacred place where the strong hand of the law is stayed, and over which only by consent of both husband and wife can its power be exercised. The beneficent idea undoubtedly is to make and preserve for every family the shelter of a home, to be free, as long as husband or wife or a minor child shall live and occupy it, from the common vicissitudes of life. * * * To hold that either husband or wife can, at will, by leaving the common home, destroy its legal character as a homestead, would lead to such disastrous results that it could not for a moment be tolerated. Thus at the whim of either the homestead could be subjected to judgment lien and sale, the right of shelter denied to the other spouse; and even little children turned out."

The wife is not left without a remedy applicable to such cases. She can terminate the homestead right by an absolute divorce, Kern v. Field, 68 Minn. 317, 71 N. W. 393, or, without a divorce, by an application under section 5535, whenever she would be entitled to a divorce. That the legislature has not provided relief for her under such circumstances as would justify her in leaving her husband, though not necessarily entitling her to a divorce (Stocking v. Stocking, 76 Minn. 292, 79 N. W. 172, 668), does not operate to alter the letter and spirit of the homestead laws. If she elect to take that course, she must abide by its consequences. She does not ipso facto become entitled to thereby destroy the homestead. In Ehrck v. Ehrck, supra, it was held that a wife who chooses to live apart from her husband is not entitled to any benefit from the homestead property set off in lands owned by her, and the husband has the full right during his occupancy to cultivate it.

Judgment affirmed.