## GOOCH v. GOOCH *et al.*

No. 2572.   Opinion Filed June 10, 1913.

(133 Pac. 242.)

1. **DIVORCE—Foreign Decree—Effect on Property Rights.** Where a husband residing with his family in this state abandons his family, takes up his residence in another state, and brings an action for divorce, obtains service by publication, and the wife is not personally served, does not appear in the action, and is without actual knowledge of the pendency of the action, whatever effect a decree of divorce by such court may have upon the marital relation, such court is without jurisdiction by its decree to affect the rights that the wife and children have acquired as members of plaintiff's family in his property located in this state.

2. **HOMESTEAD—Extent·** By section 1, art. 12, of the Constitution, and section 3346, Comp. Laws 1909 (Rev. Laws 1910, sec. 3342), the homestead of a family may consist of more than one tract of land, and may be owned by either husband or by his wife, or by both jointly, or one tract may be owned by one and the other tract owned by the other so long as the aggregate number of acres occupied as a home does not exceed 160 acres.

3. **SAME—Exemption to Family.** The benefits of a homestead exemption provided by the foregoing provisions of the Constitution and of the statute are not reserved to the head of the family alone, but to the entire family, without regard to whether the husband or the wife is the owner of the title.

4. **SAME—Title of Husband as Against Family—Right of Action.** Where the husband, without cause, abandons his family who were residing upon the homestead, he may not maintain an action of ejectment to dispossess his wife and family of said homestead or any part thereof.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by John A. Gooch against Polina B. Gooch and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Devereux & Hildreth,* for plaintiff in error.
*Burford & Burford,* for defendants in error.

HAYES, C. J.   Plaintiff in error, hereinafter referred to as plaintiff, brought this action originally in the court below to recover possession of a certain tract of land.   The trial was to the court without a jury, who made findings of fact and conclusions of law, upon which he rendered judgment in favor of defendants.

The substantial facts are:   That for several years prior to 1905 plaintiff was the owner of the N. W. ¼ of section 14, township 17 N., range 17 W., of I. M., Logan county, and for several years said quarter section had been occupied by him and his family as the family homestead.   On the 1st day of November, 1905, family discord having arisen, he executed a deed to defendant Polina B. Gooch, his wife, for the S. ½ of said quarter section of land, on which was the residence; and his wife executed to him her deed for the N. ½ of said quarter section.   This deed was executed in pursuance of an agreement of separation by which the personal property of the family was also divided between them. In pursuance of the agreement, a fence was built upon the dividing line between the two tracts of land, and defendant Polina B. Gooch and the minor children, one of whom is defendant John H. Gooch, occupied the 80 acres deeded to her. Plaintiff left his family and departed from the state.   After two or three years had elapsed, he returned to the state, took up his residence with his family, resumed the marital relation, and cohabited with his wife for a period of about one year.   At the time of his return, or shortly thereafter, he told his wife that they might as well destroy the contracts and deeds, for they were no longer of any force; but the evidence fails to disclose that the same were destroyed, or that either ever reconveyed to the other the land theretofore conveyed by the deeds executed in 1905.   The partition fence was torn down and plaintiff, with his children, cultivated

the entire tract of land for about one year, and the same was occupied during that time and used by the family as its homestead. After the expiration of about one year, plaintiff suddenly disappeared, without the knowledge of any one. He departed from the state and took up his residence in the state of Missouri, where, after maintaining his residence for the statutory time required to obtain a divorce, he instituted an action against his wife for divorce and procured service by publication. He prosecuted this proceeding to a judgment in his favor. His wife never appeared in the action and was never served personally, and was without actual knowledge of the proceeding.

The trial court found as conclusions of law that upon assuming the marriage relation the deeds executed by plaintiff and his wife became nullities, and plaintiff became vested with the title to the entire 160 acres of land; but that the residence of himself and family thereupon re-established the homestead upon the entire tract of 160 acres, and that the second abandonment by plaintiff of his family did not destroy the homestead rights of the family in the land, and the decree of divorce of the Missouri court is void. Considerable discussion by counsel for both parties in their briefs has been devoted to what effect should be given to the decree of divorce of the Missouri court by the courts of this state. Since it has been made clear by the evidence in this case that plaintiff abandoned his family who continued their residence in this state, it does not appear to us to be of material consequence what effect the courts of this state shall give to the decree of the Missouri court upon the marriage relation existing between plaintiff and his wife. Since there was no personal service upon her or appearance in the court rendering the decree, and she was not a resident of that state, although the decree may have restored plaintiff to the status of an unmarried man, the court was without jurisdiction by its decree to affect the rights his wife and family had acquired in the property he may have owned in this state. *Lynn v.*

*Sentel,* 183 Ill. 383, 55 N. E. 838, 75 Am. St. Rep. 100; *Doerr v. Forsythe,* 50 Ohio St. 726, 35 N. E. 1055, 40 Am. St. Rep. 703.

We think the trial court committed error in his conclusion of law, that, when plaintiff returned to his home and reassumed the duties he owed to his family and cohabited with his wife, the deeds executed between them became abrogated. Although their agreement of separation may in part have been rescinded, in that they resumed the marital relation, the evidence fails to disclose that there was any return of all the other property involved in the agreement, or any act on the part of either reconveying his or her interest in the land theretofore conveyed. Treating plaintiff as the owner of the title to the north 80 acres of land, for possession of which he sues, and his wife as the owner of the south 80 acres conveyed to her by his deed of 1905, the erroneous conclusion of law of the trial court above mentioned does not require a reversal of the cause. This is not an action brought by plaintiff to compel his wife and other members of his family to permit him to share and enjoy jointly with them the benefits of the homestead of the family, but he seeks to exclude them entirely from the possession and enjoyment of one-half of said homestead. The law of this state does not reserve the homestead to the head of the family. By section 1, art. 12, of the Constitution, it is provided:

"A homestead of any family in this state, not within any city, town, or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner."

And section 3346, Comp. Laws 1909 (Rev. Laws 1910, sec. 3342), provides:

"The following property shall be reserved to every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: First, the homestead of the family, which shall consist of the home of the family, whether

the title to the same shall be lodged in or owned by the husband or wife."

Under these provisions, it seems to us clear that the homestead of the family may consist of more than one tract of land, and may be owned either by the husband or by the wife, or by both jointly, or one tract be owned by one and another tract owned by the other, so long as the aggregate number of acres occupied as the home shall not exceed 160 acres. The benefit of the homestead exemption was intended by these provisions to be vouchsafed, not to the head of the family, but to the entire family, without regard to whether the husband or the wife is the owner of the title. When plaintiff returned to his home, tore down the partition fence between the land that he had deeded to his wife and that she had deeded to him, and the family proceeded to occupy the entire tract as their home and to cultivate the same, it became the homestead of the family; and the right of the family therein cannot be destroyed by plaintiff's abandonment of his family. The authorities are numerous to the effect that the abandoned wife may claim the homestead exemptions; and that a husband cannot by absenting himself from his family disintegrate the family, or change the relation existing between the remaining members. *Hollis v. State,* 59 Ark. 211, 27 S. W. 73, 43 Am. St. Rep. 28; *McDannell v. Ragsdale,* 71 Tex. 23, 8 S. W. 625, 10 Am. St. Rep. 729; *Grace v. Grace,* 96 Minn. 294, 104 N. W. 969, 4 L. R. A. (N. S.) 786, 113 Am. St. Rep. 625, 6 Ann. Cas. 952; *Lynn v. Sentel et al., supra; Roco v. Green,* 50 Tex. 483.

To hold that a husband who deserts his wife and minor children and refuses them the care and support that the law imposes upon him may by such violation of his duties become entitled to the exclusive possession of the family homestead, or any part thereof, would be to turn his wrong into a profit, which the law will not do. There can be no doubt that so long as he continues a member of the family and discharges his duty toward them he may be permitted to occupy

and enjoy jointly the benefits of the homestead with the members of his family; but the mere fact that he was the head of the family does not give him any superior rights therein, when he himself seeks to sever the family relation by desertion and lives apart from them. In *Ehrick v. Ehrick*, 106 Iowa, 614, 76 N. W. 793, 68 Am. St. Rep. 330, a wife chose to live apart from her husband. The family homestead had been set aside out of property owned by her. The court held that, so long as she chose to live apart from her husband, the husband had full right to live upon and cultivate the homestead; and that the wife was without power to set aside the selection of the homestead and restrain her husband from occupying and using the same. See, also, *Grace v. Grace, supra.*

From the foregoing views, it follows that the judgment of the trial court should be affirmed.

All the Justices concur; except WILLIAMS, J., not participating.