2003 OK 63

**In re Lannie D. ARNOLD and Deborah Ann Arnold, Debtors.**

No. 97,700.

Supreme Court of Oklahoma.

June 24, 2003.

J. David Ezzell, Elliott, Enabnit, Newby, Ezzell, Overstreet, Riffel & Riffel, PLLC, Enid, OK, for Debtors.

Joe Pelofsky, United States Trustee, Herbert M. Graves, Assistant United States Trustee, Office of the U.S. Trustees, Oklahoma City, OK.

SUMMERS, J.

¶ 1 Pursuant to the Revised Uniform Certified of Questions of Law Act, 20 O.S.2001, §§ 1601 et seq., the Honorable T.M. Weaver,

Judge of the United States Bankruptcy Court for the Western District of Oklahoma submitted this question: Under recent amendments to 31 O.S. Supp.2001, § 2, "may joint debtors who are married and living together on the same homestead property each claim 160 acres for a combined 320 acres as a homestead exemption pursuant to [the statute]?" We answer in the negative, as we find the amendments do not effect such a change in entitlement to exemptions. Where husband and wife are living together on the same rural homestead property they may claim only one homestead exemption, not in excess of 160 acres.

¶2 The facts of this matter are not in dispute. The debtors, Mr. and Mrs. Arnold, filed a joint voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The 320 acres the Arnolds claimed as exempt homestead include land on which their marital home is located and land used in their business operations. Those 320 acres are not located within any city, town or village, and are a portion of approximately 1,300 acres of real property the debtors own which is a single contiguous tract of land.

¶3 The Arnolds base their claim for combined 160 acre exemptions on 1997 amendments to the statute wherein the legislature deleted the words "family" and "single, adult person", and replaced them with the word "person".

Prior to 1997, section 2 of Title 31 provided that:

"The homestead of any *family* in this state or the homestead of a *single, adult person* in this state not within any city, town or village, shall consist of not more than one hundred sixty (160) acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city or town owned and occupied as a residence only, shall consist of not exceeding one (1) acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of Five Thousand Dollars ($5,000.00) and in no event shall the homestead by reduced

to less than one-quarter (1/4) of an acre, without regard to value: And provided, further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of Five Thousand Dollars ($5,000.00) . . ." 31 O.S. 1991, § 2. (emphasis added.)

The current version of the section in pertinent part provides:

A. The homestead of any *person* in this state, not within any city or town, shall consist of not more than one hundred sixty (160) acres of land, which may be in one or more parcels, to be selected by the owner.

B. Effective November 1, 1997, the homestead of any person in this state, not within any city or town, annexed by a city or town on or after November 1, 1997, owned and occupied and used for both residential and commercial agricultural purposes shall consist of not more than one hundred sixty (160) acres of land, which may be in one or more parcels, to be selected by the owner.

C. The homestead of any person within any city or town, owned and occupied as a residence only, or used for both residential and business purposes, shall consist of not exceeding one (1) acre of land, to be selected by the owner.

For purposes of this subsection, at least seventy-five percent (75%) of the total square foot area of the improvements for which a homestead exemption is claimed must be used as the principal residence in order to qualify for the exemption. If more than twenty-five percent (25%) of the total square foot area of the improvements for which a homestead exemption is claimed is used for business purposes, the homestead exemption amount shall not exceed Five Thousand Dollars ($5,000.00) . . ." 31 O.S. Supp.2001, § 2. Amended by Laws 1997, c. § 1; Laws 1997, c. 345, § 1. (emphasis added.)

¶4 In Oklahoma the homestead right is both constitutional and statutory.[1] The

---

1. The provisions of Title 31 O.S §§ 1–5 vitalize Article 12, §§ 1–3 of the Oklahoma Constitution. Art., 12, Okla. Const. § 1, was similar to the provisions of 31 O.S.1991, § 2, and it was amended concurrently with and similarly to 31 O.S.1991, § 2 in 1997.

Arnolds assert that the only reasonable construction of the amended statute's substitution of "person" for "family" is the removal of what they claim was an existing "marriage penalty" which encouraged separation and divorce, since two individuals who were not married to each other could claim 320 acres of exemption, whereas married debtors were denied individual separate exemptions. They contend that other exemptions involving personal property, such as automobiles and horses, are available to both husband and wife individually, and we should conclude the Legislature intended the amendment to give spouses separate rights to each claim 160 acres of homestead exemption. They also submit that exemption statutes should be liberally construed, and doubt should be resolved in favor of granting exemptions.

¶ 5 The United States Trustee suggests that substituting "person" for "family" and "single, adult person," was merely intended to "streamline" the statutory language, not to change the meaning of the homestead interest, and that the real intended subject of the Legislature's amendment was to clarify the limitation on the business use of the urban homestead set forth in subsection C. We agree with the Trustee's position that the statutory changes do not encourage married people to divorce or separate in order to claim individual homestead interests. Under both versions married persons could arguably divorce with equal results if they chose to do so in order to obtain an additional exemption.

¶ 6 We are not persuaded by the Arnold's contention that the substitution of "person" is inconsistent with the meaning and intent of the prior version of the statute which recognized the eligibility for homestead of "any family" and also a "single, adult person." Neither have the Arnolds presented any convincing support for their claim that these legislative amendments were intended to change the historical character and established purpose of the homestead.

¶ 7 The Arnolds' position approaches this amended homestead statute as if it concerns individual property ownership, unconnected to the historical character and public policy served by the homestead laws. This view is erroneous. In Oklahoma, the homestead exemption has long been seen as a character or designation which attaches to the land itself in order to preserve the family home for occupation, and to protect the family from demands of creditors. *Jones v. Berger*, 2002 OK 31, 46 P.3d 698.

¶ 8 Homestead is not an incidence of ownership. Nor does its presence or non-presence change ownership of the land. Nothing like it is known at common law. *Pettis v. Johnston*, 1920 OK 224, ¶ 38, 78 Okla. 277, 190 P. 681, 683. It is a special and peculiar interest in real property, the domicile of the family, which vests jointly in husband and wife for the benefit of the entire family although the title to the land may be entirely in one spouse. The joint interest is regarded as paramount to the rights of any individual family member, and it survives the death of either or both the husband and wife for the benefit of the family. *Pettis v. Johnston, supra*. A person cannot have two homesteads at the same time, so it is well settled that once a tract of land is impressed with homestead character it continues to possess such character until it has been definitely repudiated or abandoned by the persons entitled to claim it. We have also held that the plain language of the constitutional and statutory provisions and the intent of the exemption is to insure the preservation of the family home, and never to enable a debtor to escape just liabilities or perpetrate a fraud or injustice. *Glaze v. Drawver*, 1941 OK 293, 189 Okla. 402, 117 P.2d 544.

Art., 12, Okla. Const., § 2:
"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes, due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married sell the homestead without the consent of his or her spouse, given in such manner as may by prescribed by law; Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

Art., 12, § 3 provides in relevant part:
". . . The Legislature may change or amend the terms of this article."

¶ 9 We have long recognized that under our constitutional and statutory provisions "the homestead of the family may consist of more than one tract of land, and it may be owned either by the husband or wife, or by both jointly, or one tract be owned by one and another tract owned by the other, so long as the aggregate number of acres occupied as the home shall not exceed 160 acres." *Gooch v. Gooch*, 1913 OK 377, 38 Okla. 300, 133 P. 242, 244.

¶ 10 Related statutes regarding the homestead ad valorem tax exemption make it clear that both prior to and after 1997, married couples could claim only one homestead for ad valorem tax purposes. Title 68 O.S.2001, § 2892, which was amended in other respects by Laws 1997, c. 345 § 3, concurrently with 31 O.S.1991, § 2, provides:

"I. Any single person of legal age, married couple and their minor child or children, or the minor child or children of a deceased person, whether residing together or separated, or surviving spouse shall be allowed under this Code only one homestead exemption in the State of Oklahoma." [2]

¶ 11 While this question has not been raised in Oklahoma before, the United States Trustee has presented us with analogous decisions from other jurisdictions where efforts made by spouses to combine or "stack" separate homestead exemptions have been denied. While it is true as the Arnolds argue, that the statutory provisions in these matters do vary in some respects from Oklahoma's, we do not find the differences to be of meaningful significance, and we find those decisions instructive in resolving the question before us.

¶ 12 In *Pruitt v. Wilson*, 829 F.2d 1002 (10th Cir.1987) the Tenth Circuit Court of Appeals adopted the district court's affirmance of the bankruptcy court's order deducting the value of debtor's homestead from the value of entire property owned jointly with non-filing spouse, rather than solely from debtor's interest. Based on Colorado homestead law which is similar to Oklahoma's,[3] the Court held that homestead is a property right rather than a personal right, and whether realty is held jointly or singly there is only one homestead right which attaches to realty in such a way that its protection cannot be claimed by one joint owner to the exclusion of others.

¶ 13 In *Stevens v. Pike County Bank*, 829 F.2d 693 (8th Cir.1987), the Eighth Circuit Court of Appeals held that husband and wife, joint debtors, were not entitled to include 120 acres of their property as homestead by claiming separate exemptions and thereby exceeding the 80 acre constitutional and statutory homestead exemption. In its affirmance the Court noted that the district court had relied on *Campbell v. Geheb*, 258 Ark. 225, 523 S.W.2d 185(1975), wherein the Arkansas Supreme Court had quoted with approval from an earlier decision of the Eighth Circuit regarding the nature of homestead rights: "while the husband and wife are not separated, but are living together as husband and wife, there can be no such thing as a separate homestead of the wife, separate and apart from her husband ..." (quoting *Rosenberg v. Jett*, 72 F. 90 (8th Cir.1896)).

¶ 14 Similarly, in *In re Riebow*, 114 B.R. 656 (Bankr.E.D.Mo., 1990), it was held that under Missouri's statute granting "every person" a homestead exemption, husband and wife as joint debtors could not "aggregate" the exemption amount of $8,000.00 so as to create an exemption of $16,000.00.

¶ 15 The Arnolds urge us to apply the general rule that homestead laws are to be liberally construed in favor of the debtor, and rule in their favor. This we cannot do. While it is true that homestead laws should be liberally construed to comport with their beneficent spirit of protecting the family home, a liberal construction cannot be the means of defeating a positive law or a rule established by judicial precedent. *Enosburg Falls Savings Bank v. McKinney*, 1935 OK

2. This same provision is set forth in 68 O.S.2001, § 2888.

3. Colorado law, C.R.S. Section 38–41–201 provides: "Every homestead ... occupied as a home ... shall be exempt from execution and attachment ..." Art. 12, Okla. Const., Section 2 provides "The homestead of the family shall be ... protected from forced sale ..."

64, 44 P.2d 987. Our jurisprudence recognizes that the homestead interest is a creature of the constitution and statutes, and is therefore extended or limited by the provisions creating it. *In the Matter of the Estate of Wallace*, 1982 OK 80, 648 P.2d 828, 831. This Court cannot strain its construction of a statute beyond the intention of the Legislature, and the Legislature has not expressed any intention to change our long established law to now allow a husband and wife living together on the same property to claim separate exemptions. It is not the province of this Court to expand the homestead exemptions as written into the constitution and statutes, and we will not do so here.

¶ 16 In answer to the certified question we declare that under Oklahoma law where husband and wife are living together on the same rural homestead property they may claim only one homestead exemption which does not exceed 160 acres.

¶ 17 WATT, C.J., HODGES, LAVENDER, HARGRAVE, KAUGER, BOUDREAU and WINCHESTER, JJ., concur.

¶ 18 OPALA, V.C.J., concurs in result.