## JOSEPH BAAR AND OTHERS v. TYRA BAAR AND ANOTHER.[1]

June 6, 1941.

No. 32,384.

*Joseph L. Nathanson* and *Philip J. Levy,* for appellant.
*Harold E. Ruttenberg,* for respondents.

LORING, JUSTICE.

This is an appeal by defendant Tyra Baar from an order of the district court denying her motion for a new trial.

[1]Reported in 298 N. W. 455.

Plaintiffs are Anton Baar's children by his first marriage. Anton and his first wife owned their homestead as joint tenants, and upon her death Anton became the sole owner thereof. February 5, 1938, Anton married Tyra, one of the defendants. September, 1938, Anton was taken to a hospital, and on September 17, 1938, through defendant Etta Livon as a conduit of title, he attempted by quitclaim deeds to create a joint tenancy of the homestead in himself and his wife. The effectiveness of these deeds to pass title to Anton and Tyra as joint tenants is the sole question presented.

It appears that Etta Livon is the stenographer for Mr. Nathanson, the attorney Anton procured to arrange for the creation of the joint tenancy. The deed from Etta Livon to Anton and his wife as joint tenants appears to have been executed about an hour before the deed from Anton and his wife was executed and delivered to Mr. Nathanson for her. October 29, 1938, Anton died, and the plaintiffs instituted an action to set aside the two deeds of September 17, 1938, on the ground of mental incompetency of Anton and undue influence exercised upon him. At the close of the testimony the trial court indicated that it found no evidence to support a finding of incompetence or undue influence but raised the question of the effect of the quitclaim deed executed by Etta Livon. Plaintiffs moved to amend the complaint to conform with the court's suggestion, and the court took the motion under advisement over defendants' objections. July 12, 1939, the court ordered the complaint amended and filed its findings of fact, conclusions of law, and order for judgment adjudging the two deeds to be null and void.

The detailed facts with reference to the execution of the two deeds are as follows: Tyra Baar, at the request of her sick husband, called upon Mr. Nathanson, her attorney, and gave him the description of the property here in controversy and told him that her husband wanted the same arrangement made as to the title which had been made with his first wife, that is, a joint tenancy. This conversation took place on Thursday, and Mr. Nathanson in-

structed her to return on the following Saturday for the documents which he was to prepare. On Saturday morning she came back, and at that time she found that Etta Livon, Mr. Nathanson's secretary and stenographer, was to act as conduit of title and was named as the grantee in the deed from herself and her husband. Miss Livon thereupon executed the deed to the Baars before Mr. Nathanson as a notary public and turned it over to him. The only testimony in the record as to her instructions to him is his own. He stated that it was to be delivered and turned over to Anton Baar and Mrs. Baar "after your [their] deed has been signed up and properly executed." Both deeds were afterwards, and prior to Anton's death, sent to Mrs. Baar through the mail, and when she paid the taxes subsequent to Mr. Baar's death they were recorded.

The trial court apparently took the position that a quitclaim deed under no circumstances conveyed after-acquired title and that the deed of Etta Livon to the Baars was both executed and delivered prior to the conveyance from the Baars to her and that consequently it never conveyed any title to them. The trial court's theory upon which it held the deed from the Baars to Etta Livon to be null and void was that it was never delivered and was without consideration. It is also apparent that the trial court took the position that Mr. Nathanson was acting solely for the Baars. We think that the trial court was in error. The two deeds were executed as a part of the same transaction. The intention of the parties to these deeds was that title should pass to Etta Livon and from her back to the Baars, and, absent proof of the allegations of the original complaint, the intent of the parties should be given effect. Moreover, the evidence compels a finding that Mr. Nathanson acted for both parties to the transaction and that delivery of the Livon deed to him was made for the purpose of holding it until he received delivery of the deed to Miss Livon from the Baars. He so stated his instructions from Miss Livon to the Baars, and that testimony is undisputed. .

The deed did not take effect until delivery in accordance with the grantor's instructions. It made no difference that Mrs. Baar paid Miss Livon a dollar when she executed the deed and placed it in Mr. Nathanson's hands for delivery. It was delivered to the Baars which gave the deed effect; and Mr. Nathanson, acting for Miss Livon, received the Baar deed and was then authorized to deliver the Livon deed. Even where transfers of this character are effected by deed of quitclaim, if the quitclaim is executed and delivered in contemplation by the parties of receipt of title by the grantor, the most fundamental concepts of justice require that the after-acquired title pass. At any rate, delivery of the Baar deed to her agent passed the title to Miss Livon before delivery of her deed to the Baars was authorized or took place.

After the court had discussed with counsel the matter of undue influence, incompetence, and fraud and had announced its views on those issues, it also stated that the issue was as to the effect of the execution of the Livon deed before the Baar deed. Both counsel thereupon stated that they were willing "to let the matter stand as it is." The court then asked for briefs on the effect of the deeds. Such being the case, we think it is a case for judgment in favor of defendant Baar.

The order appealed from is reversed with directions to enter judgment for appellant.

Mr. Chief Justice Gallagher, being engaged on the pardon board, took no part in the consideration or decision of this case.