ESTATE OF HENRY M. EVERS, DECEASED, JAMES W. EVERS AND JERRY L. EVERS, CO-PERSONAL REPRESENTATIVES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Evers v. Commissioner
Docket No. 33808-86.
United States Tax Court
T.C. Memo 1989-292; 1989 Tax Ct. Memo LEXIS 292; 57 T.C.M. (CCH) 718; T.C.M. (RIA) 89292; June 15, 1989. J. Brian O'Leary, for the petitioner. Michael A. Urbanos, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined a deficiency of $ 85,425.93 in Federal estate tax due from the estate of Henry M. Evers. The issues before this Court are (1) whether the value of land determined pursuant to section 2032A, [1] which is distributed to decedent's spouse, is the value to be used in calculating the section 2056 marital deduction, and (2) whether, under Minnesota law, a surviving spouse's election against the will gives rise to a statutory elective share in property formerly held jointly by decedent and his spouse with a right of survivorship. If the surviving spouse's fee interest in such property was transmuted into a statutory elective share, then we must also decide if *294 her homestead interest is a terminable interest therefore failing to qualify for the marital deduction. The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Henry M. Evers died testate on November 27, 1982. Decedent was a resident of St. James, Minnesota at the time of his death. The personal representatives, residents of Minnesota, timely filed a Federal estate tax return on behalf of decedent's estate. The decedent's qualified heirs agreed to special use valuation for four tracts of farm land pursuant to section 2032A. The personal representatives timely elected special use valuation to calculate the gross estate on Schedule A of the estate tax return. The personal representatives used full fair market value, however, to compute the marital deduction on Schedule M of the estate tax return. Ruth Evers ("Ruth"), decedent's wife, renounced any benefits accorded to her under decedent's will and timely elected to take her statutory share of the estate *295 against the will pursuant to state law. Decedent and Ruth jointly owned three parcels of land, two bank accounts and a car at the time of decedent's death. The first issue we must decide is whether property included in the gross estate at a special use value determined pursuant to section 2032A which is distributed to decedent's spouse is valued pursuant to section 2032A for purposes of calculating the marital deduction. The personal representatives elected to value four farm properties includable in the gross estate pursuant to section 2032A. Nevertheless, they used the full fair market value of the same farm properties, which passed to petitioner, to calculate the marital deduction. Petitioner argues that the special use valuation is irrelevant when determining the marital deduction. The estate's representatives believe that section 2056(a) requires "an amount equal to the value of any interest in property" passing to the surviving spouse to be deducted from the value of the gross estate. Petitioner argues that while section 2032A sets the value of the property for purposes of section 2031(a), the reference to "value" in section 2056(a) is necessarily to fair market value. *296 We disagree. In general, the fair market value of property decedent owned at his death is included in his gross estate. Sec. 2031; sec. 20.2031-1(b), Estate Tax Regs. Section 2032A permits an alternate valuation method for certain farm property for inclusion in the gross estate based on actual use value rather than fair market value. The parties agree that the personal representatives properly included the farm property in the gross estate at the actual use values, which were lower than fair market values, pursuant to section 2032A. Section 2032A(a)[2] specifically provides that qualified real property's value "for purposes of this chapter [of the Internal Revenue Code]" is its value for the use under which it qualified. Chapter 11 of Subtitle B of the Internal Revenue Code provides for the estate tax and includes sections 2032A and 2056. Section 2056(a)[3] generally allows a deduction from the gross estate of an amount equal to the value of any interest in property which passes from the decedent *297 to his spouse. The section 2032A valuation, therefore, is the value of the qualified property for purposes of all of the estate tax provisions, including the section 2056 marital deduction. We hold that the value of the farm properties for purposes of calculating the marital deduction is their special use value. *298 The second issue before us is whether the value of property decedent and his spouse held jointly with a right of survivorship is included in the elective share calculation pursuant to state law thereby reducing the marital deduction. Respondent argues that the determination of the Minnesota statutory share includes property owned jointly by decedent and his spouse in addition to probate assets. As a result, respondent argues, the property decedent and his spouse owned jointly (including the homestead) is treated as testamentary. Respondent concludes that, (1) because Ruth only receives one-third of non-homestead jointly held property pursuant to state law, the marital deduction also is so limited, and (2) because Ruth received a life estate under state intestacy law, she received only a terminable interest in the decedent's former interest in the jointly held homestead, and consequently, no marital deduction pursuant to section 2056 is allowable for the transfer of its value. Respondent, in effect, argues that the relevant Minnesota statutes divest Ruth of the fee interest she acquired as the surviving joint tenant because she elected against the will. Petitioner contends that *299 all jointly held property passes outside the will to the survivor and does not enter into the statutory share determination. If a decedent's will provides for a surviving spouse, Minnesota law permits the survivor either to take under the will or to renounce the will and elect against it. Minn. Stat. Ann. sec. 525.212 (West 1982). An electing spouse generally is entitled to one-third of the estate. Minn. Stat. Ann. secs. 525.212, 525.16 (West 1982). When the surviving spouse elects against the will, the statute provides: 525.215. Election against other conveyances A spouse electing under sections 525.213 to 525.216 also must elect to take against the will, if spouse is a beneficiary thereunder, and against all other conveyances within the scope of section 525.213 [conveyances to third parties to defeat marital rights] of which spouse is a beneficiary. A spouse electing to take against the will pursuant to section 525.212 [right to the elective share] also must elect to take against all conveyances within the scope of section 525.213 of which spouse is a beneficiary. The share *300 of any surviving spouse in all assets, probate and non-probate, shall thereupon be determined in accordance with the provisions of sections 525.145 [homestead], 525.15 [spousal allowance], and 525.16(1), (2) and (3) [intestate succession to spouse and children]. We must determine whether pursuant to Minnesota law Ruth elected against property held jointly with decedent because she elected against the will. If Ruth must elect against jointly held property, she would still receive by operation of law the property she and decedent held jointly, but it may reduce the amount she would otherwise receive from the probate estate thus reducing petitioner's marital deduction. In general, Minnesota follows the common law rule that a surviving joint tenant owns the property in fee simple. In Re Gau,230 Minn. 235, 41 N.W.2d 444 (1950); Minn. Stat. Ann. sec. 500.19 (West 1982). The Minnesota statutes as in effect at the time of decedent's death do not clearly either take into account or disregard property held jointly by decedent and his surviving spouse for purposes of calculating *301 the elective share. Minn. Stat. Ann. sec. 525.215 (West 1982). Unfortunately, no Minnesota cases interpret this section and the fully stipulated facts do not describe how the Minnesota probate court treated the jointly held property pursuant to the election in this case. Minnesota Code section 525.215 provided that conveyances to third parties to defeat marital rights within Minnesota Code section 525.213 were included in the total assets that a surviving spouse elects against. We do not have such a conveyance in this case. Minnesota Code section 525.215 provides that an electing spouse must elect against probate assets as well as non-probate assets decedent conveyed to third parties to defeat the marital rights. The jointly held property was not a probate asset or an asset conveyed to third parties. We believe the statute does not require Ruth to elect against property she held jointly with decedent with the right of survivorship. Furthermore, respondent's argument for interpreting Minnesota Code section 525.215 does not lead to a contrary result. Respondent phrased his argument as follows: "An election within Minn. Stat. § 525.212 to take the statutory share implicitly includes *302 an election to treat all conveyances within the purview of Minn. Stat. § 525.213 as testamentary." Even if true, this statement does not support respondent's position in this case. The property decedent and Ruth held jointly does not fall within the meaning of "conveyances to defeat marital rights" in Minnesota Code section 525.213. That section is concerned with conveyances to third parties, away from the surviving spouse. In this case, Ruth, the surviving spouse, received a fee interest in the jointly owned property at the time of decedent's death. No third party was involved and decedent's interest at death passed by operation of law to, rather than away from, the surviving spouse. Respondent also argued that half the value of the jointly held homestead passed to Ruth for life, remainder to the children, by virtue of the intestacy statutes. As a result, in respondent's view, half of the value of the homestead property is a terminable interest that does not qualify for the marital deduction pursuant to section 2056(b)(1). Decedent and Ruth held the homestead property jointly, with a right of survivorship. *303 The general rule that the surviving joint tenant owns the property in fee also applies if the property is homestead that the decedent and the surviving spouse held jointly. See Hendrickson v. Minneapolis Sav. & Loan Assn.,281 Minn. 462, 161 N.W.2d 688, 690 (1968); Baar v. Baar,210 Minn. 384, 298 N.W. 455 (1941). Ruth, therefore, owns the homestead property in fee. We have already decided that Ruth's election against the will does not divest her of property she and decedent held jointly with right of survivorship. Decedent's undivided one-half interest in the homestead that passed to Ruth, therefore, qualifies for the marital deduction. We hold that the property decedent and Ruth held as joint owners with a right of survivorship is not subject to the statutory elective share. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect at the date of decedent's death, unless otherwise indicated.↩
2. SEC. 2032A. VALUATION OF CERTAIN FARM, ETC., REAL PROPERTY. (a) VALUE BASED ON USE UNDER WHICH PROPERTY QUALIFIES. -- (1) GENERAL RULE. -- If -- (A) the decedent was (at the time of his death) a citizen or resident of the United States, and (B) the executor elects the application of this section and files the agreement referred to in subsection (d)(2), then, for purposes of this chapter, the value of qualified real property shall be its value for the use under which it qualifies, under subsection (b), as qualified real property. ↩
3. SEC. 2056 BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) ALLOWANCE OF MARITAL DEDUCTION. -- For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.↩