John L. KIPP, et al., Appellants,

v.

Thomas SWENO, Respondent.

No. C3–01–55.

Court of Appeals of Minnesota.

June 19, 2001.

Review Denied Aug. 22, 2001.

Paul L. Ratelle, Daniel J. McGarry, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, (for appellant).

David C. Anastasi, Christopher Ferreira, Anastasi & Associates, P.A., Stillwater, MN, (for respondent).

Considered and decided by RANDALL, Presiding Judge, TOUSSAINT, Chief Judge, and G. BARRY ANDERSON, Judge.

## OPINION

RANDALL, Judge

In postjudgment proceedings, appellants sought to enforce a judgment obtained against respondent by levying on property owned by respondent and his wife. Respondent claimed the homestead exemption precluded a forced sale of the subject property. The district court agreed. On appeal, appellants allege the district court erred in (a) not ordering that portion of respondent's property exceeding the value of the homestead exemption to be severed from the interest of respondent and his wife and sold under Minn.Stat. § 550.175, subd. 4 (2000) to satisfy appellants' judgment; and (b) denying appellants' request for an independent appraisal of respondent's property. We reverse and remand.

## FACTS

In the fall of 1983, appellants John L. Kipp and Christine A. Kipp (the Kipps) hired respondent Thomas Sweno (Sweno) to construct a new home for them in Stillwater. Sweno began construction in December 1983. In January 1987, after Sweno ceased work on the Kipps' home, the Kipps commenced an action in Washington County District Court alleging inter alia that Sweno defrauded them with regard to the actual cost of construction of their new home. A jury found Sweno guilty of fraud and liable to the Kipps for $165,000. On December 2, 1988, judgment was entered in the amount of $168,633, which included all accrued interest. On July 23, 1999, the Kipps' judgment against Sweno was renewed for $264,186 with interest. *See* Minn.Stat. § 541.04 (1998) (stating action on judgment or decree cannot be maintained unless begun within ten years after entry of judgment).

Sweno and his wife, Colleen J. Sweno, own real property consisting of ten lots and a home in Washington County as joint tenants. The property is encumbered by three mortgages totaling roughly $75,000. On January 13, 2000, Washington County issued a writ of execution for the Kipp' judgment, in the amount of $269,341, which included all interest to date. On March 13, 2000, Sweno was served with the writ of execution, along with a notice of sheriff's execution sale for Sweno's real property.

On March 20, 2000, Sweno served and filed a certificate of ownership and designation of homestead claiming an "undivided one-half interest" in the subject property. Sweno's counsel notified the sheriff that the $200,000 statutory exemption exceeded Sweno's one-half interest in the property. The property, based on Washington County's 2000 property tax records, was valued at $309,900.

The Kipps challenged Sweno's valuation of the homestead property under Minn. Stat. § 550.175, subd. 4(b) (2000) by asking the district court to reject Sweno's valuation of the property; seeking an independent, fair-market appraisal of the property; and allowing the execution sale to go forward to the extent that the fair-market value of the property exceeded the $200,000 exemption.

Sweno filed a cross-motion in district court seeking to discharge the Kipps' judgment lien filed on record against the subject property. Colleen Sweno filed a memorandum of law as an interested party challenging the Kipps' motion. On November 16, 2000, the district court denied both parties' motions and concluded that Sweno's one-half interest in the property ($154,500) is exempt under the homestead exemption and cannot be reached by judgment creditors. The district court, citing Minn.Stat. § 500.19, subd. 5 (2000), also concluded that the property could not be severed because it is a joint tenancy with right of survivorship. Finally, the district court stated that the Kipps'

> lien has no force or effect against Thomas or Colleen Sweno if and until the Swenos sell, gift, assign, convey (or dispose of their property in any way), or if Colleen predeceases Thomas.

This appeal followed.

## ISSUES

1. Did the district court err in granting respondent a homestead exemption in an amount greater than that allowed by Minnesota statute, thereby not allowing the execution sale to take place?

2. Did the district court err in denying appellants an independent fair-market appraisal of respondent's property?

3. Did appellants perfect their judgment so that it attached as a lien on respondent's homestead property?

4. Are appellants entitled to the proceeds of any sale of respondent's homestead property before one year after the sale?

## ANALYSIS

### Standard of Review

 The question of whether Sweno and his wife can each claim an individual exemption under Minn.Stat. § 510.02 (2000) for property held in joint tenancy is a matter of statutory interpretation. Statutory interpretation is a legal issue that appellate courts review de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). The value determination of the homestead property, however, is a question of fact, which this court will not reverse unless clearly erroneous. Minn. R. Civ., Pro. 52.01; *see also First Trust Co. v. Union Depot Place Ltd. Partnership*, 476 N.W.2d 178, 181 (Minn.App.1991) (stating standard of review for findings based on documentary evidence), *review denied* (Minn. Dec. 13, 1991).

### I. Homestead Exemption

 The Kipps argue that the district court erred by allowing both Sweno and his wife individual $200,000 homestead exemptions, which is double the unitary homestead exemption of $200,000 allowed by statute. The Kipps next assert that the district court's conclusion that because Sweno's "one-half" interest in the property did not exceed $200,000, there is no basis for an execution sale, is a misinterpretation of Minnesota law. We agree.

A homestead is defined as a house owned and occupied by a debtor and the debtor's family and the land accompanying the house. Minn.Stat. § 510.01 (2000). The homestead exemption is limited by value and area as follows:

> If the homestead is within the laid out or platted portion of a city, its area must not exceed one-half of an acre. The value of the homestead exemption, *whether the exemption is claimed jointly or individually, may not exceed $200,000.*[1]

Minn.Stat. § 510.02 (emphasis added). The statute plainly denotes a single, indivisible, homestead exemption of $200,000.

On the next issue of severing the joint tenancy, respondent misinterpreted the law and read too much into the statute and cases he cited. While generally a spouse cannot convey an interest in property without the written consent of the other spouse, it is not an absolute protection. *See* Minn.Stat. § 507.02 (2000) (stating conveyance of homestead may occur through severance of joint tenancy pursuant to section 500.19). Minn.Stat. § 500.19, subd. 5 (2000) unequivocally states that a severance of joint tenancy in real property is legally effective if "the severance is ordered by a court of competent jurisdiction."

Further, if real property is to be sold on execution to satisfy a judgment, and the debtor claims that the real property is exempt under the homestead statute, the debtor may request that the homestead be sold and redeemed separately from the non-exempt property. Minn.Stat. § 550.175, subd. 1 (2000). The debtor must then designate the homestead property to be sold separately and estimate its value. *Id.*, subd. 3 (2000). If the district court then determines that the claimed

---

1. There is no dispute that the subject property is within the platted portion of the City of

Lake Elmo, and is therefore subject to the $200,000 exemption limitation.

homestead property exceeds in value the amount of the homestead exemption ($200,000), or the court finds that division of the property would result in material injury, "the court shall order the sale of the entire property." *Id.*, subd. 4(d) (2000). The debtor shall then receive "the amount of the homestead exemption and apply the balance of the proceeds of the sale on the execution." *Id.*

Where statutory language is plain and unambiguous, the court must give it its plain meaning. *Phelps v. Commonwealth Land Title Ins. Co.*, 537 N.W.2d 271, 274 (Minn.1995). The language of § 510.02, when read in conjunction with § 510.01, is unambiguous. A homestead is considered to be that place where the debtor and his family live. There cannot be more than one homestead for a property, whether held in one spouse's name or both. The language of § 510.02 states that the homestead exemption is $200,000, whether the exemption is claimed jointly *or* individually. The law is clear that only one exemption up to $200,000 in equity can be claimed for a homestead.

Here, the district court found that the subject property was valued[2] at $309,900 and then assigned Sweno a "$154,500 interest" in the property. The district court allowed the Swenos a total exemption of $400,000, indicating that each spouse had a separate right to the statutory $200,000 homestead exemption. Then the district court reasoned that because Sweno's individual exemption exceeded his "half value" of $154,500, the entire property was protected from any lien of the Kipps. We conclude that the district court improperly analyzed Sweno's property interest.

Sweno argues that his spouse's interest and joint-tenancy ownership trump the Kipps' lien, and for authority cites *O'Hagan v. United States*, 86 F.3d 776 (8th Cir.1996). Contrary to Sweno's argument, *O'Hagan* supports our decision. In *O'Hagan*, the government seized Mr. O'Hagan's homestead property for unpaid taxes. *Id.* at 778. Mr. O'Hagan owned the property with his wife as joint tenants with right of survivorship. *Id.* Mrs. O'Hagan was not assessed with the tax liability. *Id.* The court determined that the government could not force a sale of the husband's property interest because the wife would suffer irreparable injury from the forced sale because she had a right superior to that of the government in the husband's right to use and occupy the property. *Id.* at 781–83. But the court did find that the government could sell the husband's survivorship interest in the property. *Id.* at 783–84. The court noted that their decision was consistent with *United States v. Rodgers*, 461 U.S. 677, 702–03 n. 31, 103 S.Ct. 2132, 2147–48 n. 31, 76 L.Ed.2d 236 (1983), because *O'Hagan* was an *administrative lien* proceeding rather than a *judicial lien*. *Id.* at 784 n. 10. A judicial lien allows a sale of homestead property to satisfy the tax liability of one of the joint tenants pursuant to section 7403 of the Internal Revenue Code. *Id.* This case is a *judicial lien* proceeding rather than an administrative lien. We conclude there can be a forced sale to satisfy the judgment against Sweno under Minnesota law subject to Sweno's one homestead exemption.

Under Sweno's theory, each joint tenant (as a spouse) has an individual $200,000 exemption and under no circumstances can one spouse, or anyone for that matter,

---

2. The Kipps challenge the district court's valuation of the property, which is discussed later. The district court's valuation was based solely on its assessed value for real estate tax purposes.

sever the tenancy without consent of the other spouse. Sweno's spouse purports to "withhold her consent" from any severance of the joint tenancy. This flies in the face of the plain language of the statute limiting the homestead exemption to $200,000 equity *per homestead,* whether individual or joint. Under Sweno's interpretation, the spouse without a judgment against him or her could manipulate and fashion an unlimited homestead exemption by "withholding consent." Minnesota changed its homestead exemption in 1993 from an unlimited amount to $200,000. Numerous other states have value-limited homestead exemptions. *See, e.g.,* Alaska Stat. § 09.38.010 (Michie 2000) (exemption limitation of $54,000); Cal.Civ.Proc.Code § 704.730 (West 2000) (exemption limitation ranging from $50,000 to $125,000); Colo.Rev.Stat. § 38-41-201 (2000) (exemption limitation of $45,000 "actual cash value in excess of" liens or encumbrances). The legislature has made it clear that in Minnesota individuals are not granted an unlimited homestead exemption.

A homestead is allotted an exemption up to $200,000 in equity. *See Baumann v. Chaska Bldg. Ctr., Inc.,* 621 N.W.2d 795, 798–99 (Minn.App.2001) (stating $200,000 exemption refers to debtor's equity in property). The Kipps concede that their judgment lien is subordinate to the valid mortgages in first, second, and fourth position, totaling roughly $75,000, and Sweno's $200,000 homestead exemption. But the Kipps do have the right under Minnesota law to levy on any and all parts of the equity in a debtor's homestead after valid mortgages and the homestead exemption have been honored. The district court improperly allowed Sweno a homestead exemption and protection from creditors over and above what is allowed under Minn. Stat. § 510.02.

## II. Property Appraisal

■ The Kipps argue that they have the right to an independent fair-market appraisal of the property under Minn.Stat. § 550.175, subd. 4(b) (2000), because they were dissatisfied with Sweno's homestead valuation. The district court refused the Kipps' request for an independent appraisal of the property. The court reasoned that there was no need for an independent appraisal because Mrs. Sweno had not consented to the sale, and thus, there was not going to be any execution of judgment against the property. This was plain error.

Minn.Stat. § 550.175, subd. 4(b), states that if the creditor is dissatisfied with the property designation or the debtor's valuation of the property, upon proper motion to the district court,

> the executing creditor is entitled to a court approved designation of the homestead and a court determination of value. The court shall either approve the debtor's designation or cause the property to be surveyed and order a homestead designation * * * and require an appraisal of fair market value, as applicable.

■ Here, the district court relied solely upon Sweno's 2000 property tax statement to determine the value of the subject property. No other evidence for valuation was used. Property tax records can be evidence of valuation, but are not determinative to the exclusion of other evidence. A reading of the statute shows the court has discretion whether to accept the debtor's *designation,* but the court is required to order an *appraisal* of fair-market value if the creditor is dissatisfied with the debtor's valuation. Therefore, the Kipps timely objected to Sweno's valuation of his property. The Kipps are entitled to an independent valuation of Sweno's property as a matter of law.

When assessing the value of the property, the appraiser, once appointed, must look at all the property and consider Minn. Stat. § 550.175, subd. 3, which discusses conformity with local zoning and indicates that the property be "compact so that it does not unreasonably affect the value of the remaining property." The appraiser must consider the ten lake lots. A determination must be made whether the ten lake lots are separate entities and divisible, and can be sold individually, separate from a reasonable designation by the Swenos of their homestead building and land. If the lake lots cannot be divided from the homestead, the district court has the power and the authority to order a sale of all the property. As the Kipps agree, this would only happen if a fair objective appraisal shows that the value of all Sweno's homestead lots combined exceeds the mortgages of record plus $200,000 (Sweno's permissible homestead exemption).

### III. Perfected Lien

■ Sweno argues that the Kipps' judgment does not attach as a lien on his homestead property, claiming that the judgment was "never perfected." He states that on homestead property, "perfection" can only occur if the owner's homestead rights are lost. He argues that because his and his wife's homestead rights were never lost, the Kipps cannot levy upon the homestead property and force the conveyance. We disagree.

At the time of docketing and filing of an affidavit, every judgment becomes a lien against the judgment debtor's real property.[3] Minn.Stat. § 548.09, subd. 1 (2000). Sweno does not challenge any procedural filing requirements. He simply claims

that the Kipps' judgment was never perfected, does not attach, and, thus, cannot be used to execute. The record shows that the Kipps have fulfilled all statutory requirements. We conclude that Sweno's argument on this issue has no merit.

### IV. Proceeds of Sale

■ Sweno argues that if the execution sale goes forward, the Kipps would not be entitled to any of the proceeds of the sale for one year. Specifically, Sweno refers to Minn.Stat. § 510.07 (2000), which states:

> The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands, except that the proceeds of the sale are not exempt from a judgment or debt for a court ordered child support or maintenance obligation in arrears.

The Kipps properly point out that their intention is only to levy on any excess over the $200,000 exemption and existing liens of record.

Minn.Stat. § 510.07 only refers to the homesteaded or exempt portion of the property. The Kipps, like all creditors, are not barred from the *non-exempt proceeds* of a homestead sale for this one-year period.

### DECISION

The district court improperly granted respondent a separate and distinct homestead exemption of $200,000 in addition to what his spouse could claim. The district court also improperly concluded that as long as the debtor spouse did not consent

---

3. The right of a judgment debtor to argue that his claim of homestead gives him certain protection against general liens, meaning those other than purchase money mortgages and mechanic's liens, does not mean that those liens do not legally exist. It simply means that there may be some legal defense against certain valid liens.

to the homestead being sold, it could never be the subject of a valid judgment lien regardless of the value of the homestead compared to the amount of the debt.

As a matter of law, appellants are entitled to an independent appraisal of the entire property. Should the fair value of all the property the debtor claims as his homestead exceed the value of the existing mortgages plus the $200,00 homestead exemption, the district court has the power and the jurisdiction to order a foreclosure sale, and appellants have an immediate right to share in the surplus proceeds up to the amount of their judgment lien.

**Reversed and remanded.**