John L. KIPP, et al., Respondents,

v.

Thomas SWENO, Appellant.

No. CX–03–140.

Supreme Court of Minnesota.

June 24, 2004.

Gerald G. Workinger, Jr., Edina, MN, for Appellant.

Fabyanske, Westra and Hart, P.A., M.T. Fabyanske (# 28022), Christopher P. Chilstrom (# 218005), Minneapolis, MN, for Respondent.

Leonard, Street & Deinard, Joseph M. Finley (# 12378X), St. Paul, MN, for Amici Curiae Minnesota Land Title Association and Real Property Section of the Minnesota State Bar Association.

## OPINION

GILBERT, Justice.

This is a case of first impression regarding Minn.Stat. § 510.02 (2002), which establishes a monetary value limitation to the homestead exemption. Appellant Thomas Sweno was found guilty of fraud after ceasing to work on a construction property that he agreed to build for respondents. A judgment was entered against appellant. Pursuant to this judgment, appellant was served with a notice of a sheriff's execution sale of his personal real estate property that was owned in joint tenancy with his spouse. Appellant served and filed a certificate of ownership and designation of homestead, claiming an "undivided one-half interest" in the property subject to the sheriff's execution sale. The district court concluded that appellant's undivided one-half interest in the property could not be reached by judgment creditors. On appeal, the court of appeals reversed the district court's determination that appellant's portion of the joint tenancy could not be severed and remanded the case back to the district court. On remand, the district court entered a judgment of foreclosure against appellant, and the sheriff was authorized to sell the property. The sheriff sold the property to respondents after they made a credit bid. Appellant appealed the district's court judgment authorizing the sale, arguing that his spouse's interest was not properly protected in the sale. The court of appeals, in an unpublished opinion, reaffirmed the sale of appellant's property. We granted review of the court of appeal's decision. We reverse and remand to the district court.

The facts in this case are undisputed. Appellant Thomas Sweno was hired in 1983 to build a home for respondents in a platted portion of the City of Lake Elmo in Washington County. In January 1987, after appellant ceased work on the property, respondents sued appellant, alleging that appellant defrauded them regarding the construction cost. A jury found appellant guilty of fraud. A judgment was entered against appellant for $168,633, representing the jury's damage award plus interest. Appellant's spouse was not a party to that action.

In January 2000, the district court issued a writ of execution on the judgment, which by that time had increased to $269,341.50 after interest. Appellant was served with the writ and notice of a sheriff's execution sale of his personal real estate property. Appellant's property was owned in joint tenancy with his spouse. Pursuant to Minn.Stat. § 550.175, subd. 3 (2002), appellant served and filed a certificate of ownership and designation of homestead, claiming an "undivided one-half interest" in the property subject to the sheriff's execution sale. Appellant claimed that the $200,000 homestead exemption, under Minn.Stat. § 510.02, exceeded his one-half interest in the property that was valued at $309,900.

On November 16, 2000, the district court concluded that appellant's undivided one-half interest in the property could not be reached by judgment creditors. The court focused on the fact that appellant holds the property in joint tenancy with his spouse. Citing Minn.Stat. § 500.19, subd. 5 (2002) and *O'Hagan v. United States*, 86 F.3d 776 (8th Cir.1996), the court concluded that the joint tenancy could not be severed without consent of appellant's spouse. It noted that joint tenancy dissolves "if the property is sold (with the consent of both spouses) or if one spouse predeceases the other."

The court of appeals reversed the district court's determination that appellant's portion of the joint tenancy could not be severed. *Kipp v. Sweno*, 629 N.W.2d 468, 474–75 (Minn.App.), *rev. denied* (Minn. Aug. 22, 2001) ("*Kipp I*"). The court of appeals relied on Minn.Stat. § 510.02, which provides that the value of the homestead exemption, "whether the exemption is claimed jointly or individually, may not exceed $200,000." *Id.* at 471. It further held that the district court is required to order an independent appraisal of the property, pursuant to Minn.Stat. § 550.175, subd. 4(b) (2002), because respondents were not satisfied with the appraisal. *Kipp I*, 629 N.W.2d. at 473. The court of appeals then remanded the case to the district court. *Id.* at 475.

On remand, respondents moved to foreclose their judgment lien. The district court entered a judgment of foreclosure against appellant for $264,186.05, with $33,721.73 in interest, together with attorney fees and the costs of collection. The judgment was declared a "lien against the Sweno property," and the sheriff was authorized to sell the property if the bid amount exceeded the mortgages, plus the $200,000 statutory homestead exemption. The Sweno property consisted of 10 lots and was ordered to be "sold as one parcel" if the bid was in excess of $274,603.35 (the $200,000 homestead exemption plus existing mortgage balances).[1] Notice of the sheriff's sale was personally served on appellant and his spouse and was published for 6 successive weeks. The sheriff sold the property to respondents when they

---

1. Lots on the plat were originally divided in 1925 and measured approximately 20 by 100 feet in area. Even though they are separately platted, the entire lot fell within the half-acre allotment for exemption and was therefore treated as one lot by the district court.

made a credit bid of $300,306.84. Respondents moved for an order confirming the sheriff's sale. The district court confirmed the sale.

Appellant appealed the district's court judgment authorizing the sale, arguing that a homestead should not have been sold under credit because a credit sale prevented him from receiving an immediate payment of the $200,000 homestead exemption amount. *See Kipp v. Sweno,* No. CX–03–140, 2003 WL 21791190, at *2 (Minn.App. August 5, 2003) (*"Kipp II"*) (unpublished). Appellant further asserted that his spouse's interest was not properly protected in the sale. The court of appeals reaffirmed that "Sweno's property can be sold by execution, so long as his [spouse's] interest is protected." *Id.* The court noted that after the 1–year redemption period expired, respondents would be allowed to sell the property. *Id.* at *3 n. 1. This court granted review of the court of appeal's decision in *Kipp II.*

Appellant argues that his homestead, which is held in joint tenancy with his spouse, cannot be unilaterally severed and sold by a judgment creditor of appellant.[2] We agree. Minnesota has had a long history of recognizing the importance of a homestead exemption, including a provision in the Minnesota Constitution.

Minnesota Constitution art. I, § 12 provides: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law." According to Minn.Stat. § 510.01 (2002), a homestead is defined as:

> The house owned and occupied by a debtor as a debtor's dwelling place, together with the land upon which it is situated to the amount of an area and value hereafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure of sale under legal process on account of any debt not lawfully charged thereon in writing * * *.

If the debtor is married, "the homestead title may be vested in either spouse, and the exemption shall extend to the debts of either or of both * * * and the dwelling house so owned and occupied shall be exempt." Minn.Stat. § 510.04 (2002). Minnesota case law has historically liberally construed the homestead exemption in favor of the debtor. *See e.g., Northwestern Nat. Bank of S. St. Paul v. Kroll,* 306 N.W.2d 104, 105 (Minn.1981); *Denzer v. Prendergast,* 267 Minn. 212, 217–18, 126 N.W.2d 440, 444 (1964); *In re Olson,* 45 B.R. 501, 504 (Bankr.D.Minn.1984).

In 1993, the legislature for the first time provided a monetary limit to the value of a

---

2. Appellant argues that his spouse should be allowed to be an official party in the present action. He claims that his spouse somehow "joined" in the appeal, is a petitioner before this court, and the court of appeals failed to recognize her. However, appellant's spouse had notice of these proceedings and was given an opportunity to be heard. Neither appellant nor his spouse formally sought to join his spouse to the underlying litigation nor did they raise the issue with the court of appeals. Instead, appellant merely added his spouse's name to the court documents and argues that she has a right to appeal because her property is affected. According to Minn. R. Civ.App. P. 143.01, "[t]he title of the action shall not be changed in consequence of the appeal." Appellant's spouse was allowed to file a memorandum of law as an interested party to challenge respondents' motion to allow foreclosure. Without a proper petition, appellant's spouse should not be considered an official party to the present action. If she was a necessary or indispensable party, appellant's spouse could have been interpleaded by appellant pursuant to Minn. R. Civ. P. 22 or moved to intervene pursuant to Minn. R. Civ. P. 24.01. She could have also moved for a declaratory judgment or an injunction to further protect her homestead claim. None of these procedures were utilized by appellant's spouse.

homestead exemption. Act of May 3, 1993, ch. 79, § 2, 1993 Minn. Laws 244. Prior to the 1993 amendment, there were only area or size limits on homesteads. The current limitations, which include limitations on both the size and valuation of the homestead, can be found in Minn.Stat. § 510.02 (2002):

> If the homestead is within the laid out or platted portion of a city, its area must not exceed one-half of an acre. The value of the homestead exemption, whether the exemption is claimed jointly or individually, may not exceed $200,000 * * *.

Since the 1993 amendment, the value limit on a homestead exemption has raised new and complex issues relating to real estate law, marital rights, due process rights of nondebtor joint tenants, possessory interest, survivorship and life estate interests, along with determining the rights of the judgment creditors to use, possess, partition, and control survivorship interests of the homestead property. The legislature has attempted to address some of these issues, but the multitude of statutes involved do not provide clear answers to the questions we are presented with in this case.

Appellant owns his homestead property in joint tenancy with his spouse. Minnesota has recognized joint tenancies through both common law and statutes. Minnesota Statutes § 500.19, subd. 1 (2002) provides that "[e]states, in respect to the number and connection of the owners, are divided into estates in severalty, in joint tenancy, and in common." In Minnesota, joint tenancy is not presumed and must be specified by the parties. Minn.Stat. § 500.19, subd. 2 (2002). Appellant and his spouse each have an undivided one-half interest in this homestead property, which includes the present right of use and occupancy and the right of survivorship. If appellant and his spouse's joint tenancy interest is severed, their respective interests would become a tenancy in common. However, the nondebtor spouse in this situation has been granted other statutory rights in the homestead. In this instance, without deciding how the spouse's interest would be protected, the court of appeals held "the Sweno's property can be sold by execution, so long as the wife's interest is protected." *Kipp II*, 2003 WL 21791190, at *2.

A severance of a joint tenancy is legally effective when:

> (1) the instrument of severance is recorded in the office of the county recorder or the registrar of titles in the county where the real estate is situated; or (2) the instrument of severance is executed by all of the joint tenants; or (3) the severance is ordered by a court of competent jurisdiction; or (4) a severance is effected pursuant to bankruptcy of a joint tenant.

> A decree of dissolution of marriage severs all joint tenancy interests in real estate between the parties to the marriage, except to the extent the decree declares that the parties continue to hold an interest in real estate as joint tenants.

Minn.Stat. § 500.19, subd. 5 (2002). A joint-tenant spouse who unilaterally severs a joint tenancy in homestead property, however, would be precluded from individually conveying any interest in that homestead property. Minn.Stat. § 500.19, subd. 4 (2002); Minn.Stat. § 507.02 (2002). Moreover, severing the joint tenancy does not completely destroy a spouse's survivorship interest because Minnesota provides statutory protection for a surviving spouse's interest in homestead property.

Minn.Stat. § 524.2–402 (2002).[3]

It remains unclear how to treat the legislature's monetary limitation on the homestead exemption with regard to those properties that are owned by spouses in joint tenancy when one of the joint tenants is not obligated on the judgment debt. Minnesota Statutes § 550.175, subd. 4(d) (2002), provides that if a court determines the property claimed as homestead exceeds the exempt amount, the court shall order the sale of the entire property. However, this statute does not address joint tenancy issues or rights of nonparties. Minnesota Statutes § 510.02 allows the homestead exemption to be claimed jointly or individually, but does not address severance. Minnesota Statutes § 500.19, subd. 5(4), provides that a severance of a joint tenancy is legally effective when ordered by a court of competent jurisdiction, but does not address the homestead rights of a nondebtor spouse as provided for in Minn.Stat. §§ 507.02, 510.04, 524.2–402 (survivorship) and 500.19, subd. 4 (restrictions on conveyances).

Although the court of appeals emphasized that appellant's property can only be sold "so long as his [spouse's] interest is protected," we fail to see how the sale of the entire property would recognize his spouse's ownership interest. *Kipp II*, 2003 WL 21791190, at *2. This interest includes survivorship rights contained in Minn.Stat. § 524.2–402, or homestead conveyance rights, per Minn.Stat. § 507.02. In *O'Hagan*, the Eighth Circuit addressed the nondebtor-spousal interest in a homestead property. *O'Hagan*, 86 F.3d at 781. It decided whether a wife's joint tenant interest in the parties' homestead could be subject to an execution of an Internal Revenue Service tax lien against her husband. *Id.* The court found that the wife's homestead interest, held in joint tenancy with

her husband, was not divisible for the purposes of an administrative tax lien. *Id.* at 784–85. It acknowledged that the debtor spouse "does not have the right to unilaterally sever the joint tenancy." *Id.* at 780. In evaluating whether to sever the homestead, the court evaluated Minnesota homestead and joint tenancy law. Referring to Minn.Stat. §§ 500.19, subd. 4 and 507.02, it reasoned that

> [a]lthough joint tenants are generally free to convey their interest in the joint tenancy, spouses who own *homestead* property—as joint tenants or as tenants in common—are prohibited from conveying their interest, except to the other spouse, without the other spouse's consent.

*Id.* at 780. (citations omitted). The court concluded that, since the husband does not have a right to sever the joint tenancy, the government or a third-party would likewise not have that right. *Id.* at 784. The court noted that it would allow a sale of the husband's right of survivorship, one it defined as a "solitary interest." *Id.* at 784–85.

To reach its conclusion, the court in *O'Hagan* cited to two cases from our court, both of which noted that a property held in joint tenancy could not easily be severed. *See id.* at 779, 781. In the first case, we allowed a joint tenancy to be unilaterally severed only because no consideration or irrevocable action was taken in reliance upon the creation of the joint tenancy. *Hendrickson v. Minneapolis Fed. Sav. & Loan Ass'n*, 281 Minn. 462, 161 N.W.2d 688 (1968). We noted:

> If the survivor had taken some irrevocable action in reliance upon the creation or existence of the joint tenancy, or if some consideration was given or received when the joint tenancy was creat-

---

**3.** The homestead exemption is survivable after death. Minn.Stat. § 510.06 (2002).

ed, it would seem reasonable to insist that unilateral action would not be effective to deprive the passive joint tenant of the rights so created.

*Id.* at 467, 161 N.W.2d at 692. A declaration to sever the joint tenancy was deemed sufficient where the joint tenant had no part in the consideration or creation of the joint tenancy. *Id.* at 466, 161 N.W.2d at 691.

The Eighth Circuit also cited a 1905 case from this court. *O'Hagan,* 86 F.3d at 781 (citing *Grace v. Grace,* 96 Minn. 294, 104 N.W. 969 (1905)). There, we held that Minnesota law will not allow a spouse with an interest in homestead property, either as a tenant in common or a joint tenant, to do indirectly through a suit for partition something that the spouse could not do directly through sale or conveyance. *Grace,* 96 Minn. at 298, 104 N.W. at 971. We held that the spouse could only terminate the homestead right "by an absolute divorce or, with out a divorce, by an application under [law] whenever she would be entitled to a divorce." *Id.* (citation omitted).

The district court in *Kipp I* correctly analogized *O'Hagan* to the present matter. The court of appeals in *Kipp I,* however, attempted to distinguish *O'Hagan* from the present matter by noting that, because the property in *O'Hagan* was subject to an administrative rather than judicial lien, the homestead property was not able to be sold. *Kipp I,* 629 N.W.2d at 472.[4] Like *O'Hagan,* the present matter involves a situation where a creditor of one of the joint tenants is attempting to unilaterally sever a homestead property that is held in joint tenancy with the nondebtor spouse.

In 1993, when the legislature imposed a monetary limit on the homestead exemption, it did not provide a method for selling those properties that are held in joint tenancy to satisfy a judgment creditor of only one of the joint tenants. *See* Minn.Stat. § 510.02. Minnesota Statutes § 550.175 has certain notice provisions, designation requirements, sale requirements, and a prohibition against the acceptance of a bid for sale of the homestead "unless it exceeds the amount of the homestead exemption." However, this statute does not have any notice provision for the nondebtor spouse's joint tenant interest, nor does it address or make any provisions for protecting the interest of the one joint tenant where a judgment is pending against the other tenant. Similarly, Minn.Stat. § 500.19, subd. 5, which provides for certain scenarios that would allow a joint tenancy to be severed, does not mention what procedure to use when the property is claimed as a homestead and is subject to seizure due to the debts of one tenant. We approach the issue by relying on our past precedent that has highly valued the homestead exemption and not allowed properties that are held in joint tenancy to be severed by a third party.

In *Grace,* we emphasized the importance that Minnesota places upon a homestead property, particularly when that property is held in joint tenancy between a husband and wife. We noted that "no waiver of homestead right by the husband or wife can affect the vested interest of the other spouse therein; neither can the abandonment or waiver of such homestead right by the one entitled to enjoy the same injuriously affect the interest of any other enti-

---

4. We acknowledge that Minn.Stat. § 500.19, subd. 5(3) indicates that a severance of a joint tenancy shall be effective when ordered by a court of competent jurisdiction. While there may be a distinction between a judicial lien and an administrative lien, that difference is not dispositive of the issues in this case because of the other statutory provisions involving the spouses' homestead rights.

tled thereto." *Grace,* 96 Minn. at 297–98, 104 N.W. at 971. Due to the various rights that each spouse holds in a homestead property that is owned in joint tenancy, we stated that "neither the husband nor the wife can dispose of his or her right of that character without the expressed consent of the other." *Id.* at 296, 104 N.W. at 970. We further noted that "the law will not allow [a spouse] to do indirectly through a suit for partition what she could not do directly by sale or conveyance." *Id.* at 297, 104 N.W. at 971.

Under the facts of this case, the court of appeals erred in authorizing a unilateral severance of appellant and his spouse's joint tenancy interest by a judgment creditor. The court of appeals also erred in ordering an execution sale of appellant and his spouse's homestead property to satisfy a judgment that was strictly against appellant. Even though appellant's spouse is not a party to the present action, a severance and sale of the property would threaten her possessory interest, right of survivorship, and remainder interest in the property. Moreover, under the current structure, if severance of a joint tenant's interest in this homestead were to occur resulting in a tenancy in common, unless either the life estate interest of appellant's spouse is preserved or the entire property is sold, respondents may somehow have equal possessory rights with appellant's spouse. The court of appeals in *Kipp II* allowed the execution sale of appellant's property "so long as his wife's interest is protected." 2003 WL 21791190, at *2. In doing so, it did not specify exactly how appellant's spouse would be protected. More specifically, it did not reconcile the fact that a unilateral severance and sale of the property would dispose of or eliminate appellant's spouse's possessory or occupancy interest, right of survivorship, and remainder interest in the homestead property.

Similarly, as the Eighth Circuit held in *O'Hagan,* we conclude that a judgment creditor cannot acquire more property rights in a property than those already held by the appellant. *O'Hagan,* 86 F.3d at 781–82. Alternatively, a judgment debtor also may not increase the reach of the judgment lien beyond property owned by the judgment debtor. *See* Minn.Stat. § 548.09, subd. (1) (2002); *Steele v. Taylor,* 1 Minn. 274, 280 (Gil.210, 215) (Minn.1857) (holding that a judgment lien attaches only to the interest of the debtor, and the purchaser of judgment property can acquire no greater right than the debtor). As in *O'Hagan,* under the current statutory framework, only appellant's right of survivorship to his spouse's interest may be sold by execution sale. This solitary interest cannot be recorded because, as the *O'Hagan* court pointed out, "recordation would sever the joint tenancy, thereby extinguishing the very right of survivorship that was acquired." 86 F.3d at 784 (citing Minn.Stat. § 500.19, subd. 5).

If sold, the right of survivorship interest is also subject to the $200,000 value limitation provided in Minn.Stat. § 510.02. This interest must be specifically designated in a notice of execution sale pursuant to Minn.Stat. § 550.175, subd. 2 and is subject to the same provisions contained in section 550.175, subd. 4. In the event that the value limitation is utilized, Minn.Stat. § 510.02 allows it to be fully "claimed jointly or individually" by either spouse. However, as the court of appeals correctly pointed out, the value limitation cannot be "doubled" to $400,000 in order to be concurrently utilized by both spouses towards the same debt. *See Kipp I,* 629 N.W.2d at 473. Conversely, it cannot be cut in half if only one spouse is faced with a need and desire to utilize the exemption on the homestead property. We conclude that appellant can utilize the full $200,000

exemption towards a possible sale of his right of survivorship interest in the homestead property.

We have previously noted the general proposition that a person's "right to occupy [his or her] home is inviolable, irrespective of the meagerness or abundance of [his or her] wealth." *Thiede v. Town of Scandia Valley*, 217 Minn. 218, 225–26, 14 N.W.2d 400, 405 (1944). Furthermore, where consideration was given by a joint tenant, a unilateral severance of the joint tenancy "would not be effective to deprive the passive joint tenant of the rights so created." *Hendrickson*, 281 Minn. at 467, 161 N.W.2d at 692. Appellant's spouse has suffered detrimental reliance on her joint tenant interest in this homestead property, including joining in and obligating herself to repay three mortgages on the homestead in the approximate amount of $75,000. Due to appellant's spouse's consideration upon creating the joint tenancy, combined with an unavoidable loss of her property rights in the event of a severance and sale, it does not seem reasonable to allow a unilateral action of a judgment creditor that would deprive appellant's spouse of her passive joint tenant rights. *See id.* We therefore reverse the court of appeals and remand to the district court to void and set aside the sheriff's sale of appellant's homestead property. Further, in light of our decision to void the sheriff's sale, and without deciding upon the credit issue, we vacate the court of appeal's decision relating to a credit bid at an execution sale where the homestead exemption was not paid out of the proceeds of the execution sale in cash to appellant and/or his spouse.

Reversed and remanded.

ANDERSON, PAUL H., J. (concurring specially).

I concur in the result reached by the court under the specific facts of this case. However, because I conclude that the rationale used by the majority in reaching this result is much broader in scope than necessary to resolve this particular case, I limit my agreement to a concurrence in the judgment of the court.